UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ALFREDO DIAZ, a/k/a ALFREDO DEA

                          Petitioner,                98 CIV 5575 (RPP)

            -against-                     **OPINION and ORDER**

WILLIAM LEE, SUPERINTENDENT

                          Respondent.
----------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

Alfredo Diaz ("Mr. Diaz") was convicted of Murder in the Second Degree, Attempted Murder in the Second Degree, Assault in the First Degree, and Criminal Possession of a Weapon in the Third Degree on January 10, 1990. (Pet. for Writ of Habeas Corpus ("Habeas Pet.") at 1, 98 Civ 5575, Aug. 6, 1998, ECF No. 1.) His conviction became final on June 25, 1993. People v. Diaz, 619 N.E.2d 669 (1993). Five years later, Mr. Diaz filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with an affirmation by Arquimides Albelo, a legal assistant to petitioner at Greenhaven Correctional Facility in Stormville, New York. (Habeas Pet. at 1.) On November 23, 1998, this Court denied the petition as time-barred, (Order, Nov. 25, 1998, ECF No. 6), and on March 10, 2000, the Second Circuit affirmed this decision, Diaz v. Artuz, 208 F.3d 202 (2d Cir. 2000). More than twelve years later, on December 20, 2012, Mr. Diaz filed the instant motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure seeking reconsideration of the denial of his Habeas Petition. (Pet'r's Rule 60(b)(6) Mot. ("Rule 60 Mot.") at 1, Dec. 20, 2012, ECF No. 11.) For the reasons discussed below, Mr. Diaz's Rule 60 Motion is DENIED.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/8/13

1

Habeas petitioners, such as Mr. Diaz, whose convictions were finalized before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are entitled to file a habeas petition up to one year after April 24, 1996, the date that AEDPA became effective. 22 U.S.C. § 2244(d)(1); see Diaz v. Kelly, 515 F.3d 149, 151 (2d Cir. 2008) (citing Ross v. Artuz, 150 F.3d 97, 102-03 (2d Cir. 1998)). Accordingly, Mr. Diaz was permitted to file his Habeas Petition until April 24, 1997. Mr. Diaz, however, did not file his Habeas Petition until June 15, 1998, more than one year after the statutory deadline had tolled. (Habeas Pet. at 1.)

Due to this time bar, Mr. Diaz's Habeas Petition included an affirmation by Mr. Albelo alleging that Mr. Diaz was entitled to equitable tolling "by reason of his legal, intellectual, and linguistic limitations . . . ." (Pet. Affirmation ("Affirmation") at 1, ECF No. 4.) Equitable tolling is a remedy that allows federal courts to excuse a petitioner's failure to comply with federal timing rules. See Holland v. Florida, _U.S._, 130 S. Ct. 2549, 2563 (2010). Equitable tolling can be applied to AEDPA's limitations period. See, e.g., Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). A petitioner is entitled to equitable tolling if he demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 130 S. Ct. at 2562-63 (internal quotation marks omitted). Mr. Albelo's Affirmation included a statement regarding Mr. Diaz's inability to read or write English, as well as a copy of a prison record indicating that Mr. Diaz required English instruction. (Affirmation at 6.) This Court held, however, that Mr. Diaz's inability to read or write English was not an "adequate reason[] for petitioner not pursuing further remedies during the four and one-half year period subsequent to his state court conviction becoming final." (Order at 2.) Accordingly, Mr. Diaz's Habeas Petition was denied as time-barred. Id.

In the Rule 60 Motion now pending, Mr. Diaz requests that this Court reconsider its order denying his Habeas Petition as time-barred. (Rule 60 Mot. at 6.) In his motion, Mr. Diaz claims that (1) his status as a pro-se litigant, (2) his incarceration, and (3) his inability to read English were all extraordinary circumstances warranting equitable tolling. (Rule 60 Mot. at 9.) The first two of Mr. Diaz's claims do not succeed for the following reasons. First, a petitioner's pro se status does not merit equitable tolling. See Smith, 208 F.3d at 18 (holding that petitioner's pro se status was not an extraordinary circumstance that triggers equitable tolling). Second, the fact that a petitioner is incarcerated is not an extraordinary circumstance because all habeas petitioners are incarcerated.

Mr. Diaz's third claim may, however, have some merit in light of the Second Circuit's decision in Diaz v. Kelly, 515 F.3d 149 (2d Cir. 2008). In Kelly, two petitioners faced circumstances analogous to the facts in this case. Id. The first petitioner asserted that he was entitled to equitable tolling because he "did not read or speak English, that an inmate had assisted him in filing his state court collateral challenge, and that 'it took [him] a while to find someone' to assist with his federal court petition." Id. at 152. The second petitioner similarly asserted that he lacked a working knowledge of English and that he had difficulty finding interpreters who understood his Cantonese dialect in the Department of Correctional Services. Id. In reviewing the petitioners' claims, the Kelly Court stated that an extraordinary circumstance is determined by examining, "how severe an obstacle it [was] for the prisoner endeavoring to comply with AEDPA's limitations period." Id. at 154. Utilizing this inquiry, the Kelly Court held that the inability to speak English can constitute an extraordinary circumstance because "[f]or the prisoner who cannot read English, the obstacle is undoubtedly serious, just as

it would be for a prisoner speaking only English, incarcerated in a non-English-speaking country . . . ." Id.

Notwithstanding this extraordinary circumstance, the Kelly Court denied the petitioners' habeas petitions, for failure to make all "reasonable efforts" to obtain assistance in mitigating their language deficiencies. The Kelly Court explained that the two petitioners:

> [H]ave claimed nothing more than the unavailability of personnel within their prisons who could translate for them during the applicable limitations periods. There is no allegation of any efforts to contact anyone outside the prison who might assist them in making them aware, in their language, of legal requirements for filing a habeas corpus petition, nor what efforts were made to learn of such requirements within their places of confinement.

515 F.3d at 154.

In this case, Mr. Diaz similarly asserts that he had difficulty speaking English and that he sought the assistance of other prisoners to translate materials and to communicate with legal counsel.[1] (Rule 60 Mot. at 10-11.) Pursuant to Kelly, these factors may rise to the level of an "extraordinary circumstance." See Kelly, 515 F.3d at 154. However, as was also the case in Kelly, Mr. Diaz has failed to assert any facts that would support a finding that he has met the diligence requirement for equitable tolling. Id. Within the applicable limitations period, Mr. Diaz sought neither language nor legal assistance from people outside of prison regarding the filing of a habeas corpus petition. (Cf. Rule 60 Mot.) The Court also notes that a significant percentage of New York State prisoners speak English and Spanish and that Greenhaven Correctional Facility was serviced by Prisoners' Legal Services of New York in 1998.

---

[1] The Court again notes that Mr. Diaz's 1998 Habeas Petition detailing his language deficiencies was filed with the assistance of Mr. Albelo, whereas Mr. Diaz's current Rule 60 motion does not reflect any evidence suggesting that it was filed with third party assistance. If Mr. Diaz was able to file his Rule 60 motion without assistance, it undermines his basis for seeking equitable tolling on the grounds that he does not read or speak English.

4

Mr. Diaz also failed to demonstrate within the applicable limitations period that he attempted to learn the requirements necessary to file a habeas petition while incarcerated. Id. In fact, Mr. Diaz does not show that he attempted to pursue any further remedies during the five-year period subsequent to when his state court conviction became final. Id. at 13. Accordingly, Mr. Diaz fails to meet the due diligence requirement of equitable tolling.

Mr. Diaz's Rule 60 Motion is therefore DENIED.

IT IS SO ORDERED.

Dated: New York, New York
February 8, 2013

_____
Robert P. Patterson, Jr.
U.S.D.J.

Copies of this Order were sent to:

*Pro Se Plaintiff*:
Alfredo Diaz, No. 90-A-0968
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582